UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10137-RGS

GEORGE LABADIE,
Petitioner

v.

LISA MITCHELL,
Respondent

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

February 23, 2016

STEARNS, D.J.

I have no quarrel with Magistrate Judge Dein's conclusion, based as it is on an exhaustive review of Petitioner George Labadie's state court pleadings, that most of the claims asserted in his habeas petition are unexhausted and therefore should be dismissed.1  *See Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) ("A federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application.").  While Labadie has filed a series of motions in the state trial

---

1 Labadie's Motion for Reconsideration (Dkt. #60) is treated as an Objection to the Magistrate's Report and Recommendation.

court raising aspects of the issues presented in his petition, he has yet to seek state appellate review of his motions to revise and revoke his sentence. Of greater consequence, he has never filed in the state court a motion for a new trial – the appropriate vehicle for a collateral attack on the merits of a conviction. "To preserve [objections] for federal habeas scrutiny, [petitioner] was obliged to try to bring them before the SJC [Supreme Judicial Court]." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 820 (1st Cir. 1988). "[A]n appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR [application for leave to obtain further appellate review]." *Id.* at 823.

Because Labadie's failure to exhaust is not excused, and because the case does not point to extraordinary circumstances that would warrant instant federal review, Labadie's petition will be dismissed. S*ee House v. Bell*, 547 U.S. 518, 538 (2006). In a "mixed petition" case, that is, one that includes exhausted and unexhausted claims, it is ordinarily deemed "best practice" to give a petitioner the opportunity to voluntarily dismiss his unexhausted claims and proceed on those that have been exhausted. *See Delong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013). That, however, is not the case here. In May of 2015, Magistrate Judge Dein granted Labadie's

motion to amend his original petition "to delete the unexhausted claims." Dkt #26 at 1. Labadie responded with an amended petition that simply repackaged most of his unripe claims. When a petitioner "declines to dismiss the unexcused claims, 'the district court should dismiss the entire petition without prejudice.'" *Id.*, quoting *Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007). Labadie has also filed several motions asking this court to expand the record and to conduct a hearing on the merits of his claims. As the issues raised by these motions are also pending in the state court, I agree with Magistrate Judge Dein that these requests are more properly handled by the state court.

ORDER

For the foregoing reasons, the Recommendation of the Magistrate Judge is ADOPTED. The motions for discovery (Dkts. #13 and #55) and to hold evidentiary hearings (Dkts. #16 and #53) are DENIED. The motion to dismiss the petition (Dkt. #36) is GRANTED, and the petition is DISMISSED without prejudice.[2] Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED, the court seeing no meritorious or substantial ground for an appeal. The Clerk will enter the

---

[2] As Labadie has failed to demonstrate good cause for his failure to exhaust his claims in state court, a stay of the proceedings in federal court is not in order. *See Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

court's Order and close the case.

                                      SO ORDERED.

                                      /s/ Richard G. Stearns_____
                                      **UNITED STATES DISTRICT JUDGE**